————o————

## No. 6097.

## LEON G. TUJAGUE & CO. vs. WESTERN UNION TEL. CO.

### Syllabus.

A stipulation between a telegraph company and the sender of the message, that the company shall not be liable for mistakes in the transmission of a message beyond the sum received for sending it, unless the sender orders it to be repeated by being telegraphed back to the originating office for comparison and pays half that sum in addition, is reasonable and valid.

Appeal from the Civil District Court for the Parish of Orleans, Division "E," No. 101,892. Hon. G. H. Theard, Judge.

Merrick, Gensler, Lewis & Schwarz, for plaintiff and appellant.

Howe, Fenner, Spencer & Cocke, for defendant and appellee.

His Honor, CHARLES F. CLAIBORNE, rendered the opinion and decree for the Court, as follows:

This is a damage suit against the defendant for a mistake in transmitting a message.

The plaintiffs alleged that they asked to be transmitted over defendant's wires the following "Night letter-gram;" to C. H. Cox & 'Co., Waco, Tex., viz:

> "We offer at auction price, * * * a car of sound extra * * * Sicily lemons * * * at $2.80 yesterday's auction sale."

That the defendant transmitted the price of $2 instead of $2.80. That upon the receipt of said "lettergram" Cox & Co. replied:

"Ship minimum car, etc.;" whereupon the plaintiffs shipped 300 boxes of lemons to them billed at $2.80 per box. That Cox & Co., then informed the plaintiff of the mistake committed by the Telegraph Co., and refused to pay more than $2.00. That the plaintiff thereby suffered a loss of $240 which they now claim from defendant.

The defendant admits the mistake of the "lettergram" but avers that it was sent on the following condition printed on the order:

"This company shall not be liable for mistakes * * * in the transmission * * * of an unrepeated message, beyond the amount received for sending same."

There was judgment for plaintiffs for fifty cents and costs and plaintiffs have appealed.

It is true that all persons are liable for the damage caused by their fault or negligence. But in the case of the telegraph companies the Supreme Court of the United States has decided that the clause above quoted limiting their liability was binding upon the sender of a message.

**Primrose vs. Western Union Tel. Co., 154 U. S. 1.**

The syllabus reads as follows: "A stipulation between a telegraph company and the sender of the message, that the company shall not be liable for mistakes in the transmission or delivery of a message beyond the sum received for sending it, unless the sender orders it to be repeated by being telegraphed back to the originating office for comparison, and pays half that sum in addition, is reasonable and valid."

No reasoning that we could add could make the authority stronger. But if the restriction of liability holds good in the case of an ordinary message how much stronger does the rule apply to a night telegram when the standard day rate for ten words is charged for the transmission of fifty words, or one-fifth of the ordinary day rate. The sender of the message has his choice in making one of several contracts, and pays in proportion to the quality of the services rendered and the amount of responsibility assumed in each. The Supreme Court of the State referring to the case of **Pennoyer vs. Neff, 95 U. S., 714,** said: "The question being Federal in its

nature, former jurisprudence of this Court must yield to the authority of the highest Court in the country." Bracey vs. Caldewood, 36 A., 796 (798), the condition is the same here.

In thus deciding we have not overlooked the cases of Macheca vs. Postal Tel. Co., opinion bk. 12, p. 228, and Weiler vs. Postal Tel. Co., 7 Ct. Appeal 56, but we prefer to follow the jurisprudence of the Supreme Court of the United States in a case of this kind. The **Weiler case** was one of non-delivery and not necessarily in conflict with this opinion.

Judgment affirmed.

Opinion and decree, May 18, 1914.

Rehearing refused, June 15th, 1914.